## Dickey v. Carroll

*Carson & Carson*, for plaintiffs.

*A. N. Pershing, Jr.*, and *Henry Waltz, Jr.*, for defendants.

O'CONNELL, J., August 21, 1956.—We have before us a motion for judgment on the pleadings in an action to quiet title. D. N. Carroll and Ada Carroll, his wife, in the year 1902, became owners of lot no. 34 in the North Side Land Company Plan of Lots in Scottdale Borough. On August 24, 1906, D. N. Carroll died, vesting the whole title to lot no. 34 in Ada Carroll. Said lot had erected thereon a dwelling house and the property was known as 500 Parker Avenue.

Since 1931, Ada Carroll has paid none of the taxes assessed against the property. As a result, the property was sold to the County Commissioners of Westmoreland County at 11 different tax sales held by the county treasurer for delinquent taxes, the last of said sales being in the year 1952. During part of that period, Ada Carroll lived on the premises and for the balance of those years the property was rented to tenants. On December 4, 1953, the county commissioners, at their meeting, took action as owners of the property to require all rents to be paid directly to the Westmoreland County Treasurer. In pursuance thereof, letters were sent to the tenant and to the former renting agent for the property. Since that time Ada Carroll has received no rents from the property.

In May 1955 Earl K. Burkholder submitted an offer to purchase said property from the county. Under the Act of May 27, 1937, P. L. 787, and its amendments,

and order was made approving the sale by the commissioners to Earl K. Burkholder at no. 579 April term, 1955, for the sum of $4,500. On July 25, 1955, the commissioners gave their deed to Earl K. Burkholder for the property, said deed is recorded in the Recorder's Office of Westmoreland County, in Deed Book volume 1618, p. 124.

On August 22, 1955, Earl K. Burkholder et ux. conveyed said property to Dwight L. Dickey and Minnie B. Dickey, his wife, complainants in the action to quiet title. Said deed of conveyance is recorded in Deed Book volume 1558, p. 185.

On August 31, 1955, petitioners, Dwight L. Dickey and wife, by letter, offered Ada Carroll the sum of $100 for a quit-claim deed. On September 12, 1955, Ada Carroll replied and accepted the offer; see exhibit "E" attached to reply. Thereafter, the quit-claim deed was prepared and mailed to Ada Carroll for signing, but she refused to go through with the transaction.

The questions before the court are, first, does the answer of defendant sufficiently plead any facts which constitute a legal defense to the complaint and, second, should judgment be entered for complainants on the record now before the court. The answer of Ada Carroll to the petition to quiet title virtually admits all of the allegations of the petition but she contends in her answer that she was permitted by the county commissioners to make installment payments upon the delinquent taxes, interest and penalty against her property. The answer also complains that Ada Carroll received no notice of the tax sale proceeding and that because of the rent being applied to her delinquent taxes, Burkholder and Dwight L. Dickey and Minnie B. Dickey received a deed which was void and of no effect.

With these contentions, we cannot agree. It is apparent from the record that no valid agreement was

made as to installment payments with Ada Carroll. It is apparent from the record that she made some attempt back in 1937 to make some delinquent payments but never carried out her agreement. It is also apparent from the record. that, after the sale, Ada Carroll abandoned the property. She cannot contend that she received no notice of this tax sale and knew nothing about it because she certainly would be aware of the failure of her agent to forward the rents to her when they were taken over by the county commissioners.

The Act of July 28, 1941, P. L. 535, 72 PS §6105.1 through 6105.5, sets forth one of the methods for the making of installment payments where property has been purchased by the county commissioners as here. The Act of April 14, 1937, P. L. 302, 72 PS §5570(a), and the Act of May 1, 1941, P. L. 31, 72 PS §5573, also provides for installment payments on delinquent taxes and it is these latter acts that defendant, Ada Carroll, relies upon to set up her delinquent payments. An examination of these acts discloses that to comply with the act, she must enter into an agreement with the county commissioners and pay 20 percent of the taxes due and the balance in installments. This was not done in this case. She paid nothing down and the only reason the treasurer's office applied the rents to the delinquent taxes on their dockets was to show where the moneys were to be distributed to the various taxing authorities, namely, the borough, the school district and the county. It is apparent to us that there is no legal defense set up in the answer and that the motion for judgment on the pleadings should be granted, and we, therefore, enter the following

## Decree

And now, to wit, this August 21, 1956, the motion of plaintiffs for judgment on the pleadings is hereby

granted, and any cloud upon the title to the real estate described in the petition is hereby removed, and Ada Carrol, alias dictus Ada M. Carroll, or any other person having or claiming to have any right to, interest in or claim against said land by virtue of fee formerly owned by Ada M. Carroll, will be, and they are, forever barred from asserting any right, lien, title or interest in or to said land inconsistent with the claim of Dwight L. Dickey and Minnie B. Dickey, his wife, grantees in the deed from the county commissioners.